**SANDERS LAW, PLLC**
Douglas H. Sanders, Esq. (625140)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 102037

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BWP Media USA Inc. d/b/a Pacific Coast News,<br><br>Plaintiff,<br><br>vs.<br><br>TOUCH FM: RADIO TRUTH INCORPORATED,<br><br>Defendant(s). | Docket No:<br><br>DEMAND FOR JURY TRIAL<br><br>**COMPLAINT** |

BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") (hereinafter collectively "*Plaintiff(s)*"), by and through its undersigned counsel, states and alleges as follows:

## **INTRODUCTION**

1. Plaintiff(s) provide entertainment-related photojournalism goods and services and own the rights to a multitude of photographs featuring celebrities, which it licenses to online and print publications. Plaintiff(s) have obtained U.S. copyright registrations covering many of its photographs, and others are the subject of pending copyright applications.

2. Defendant (hereinafter collectively referred to as "*Defendant(s)*") owns and operates a website known as www.touchfm.org (the website(s) are collectively referred to herein as the "*Websites*") and without permission or authorization from Plaintiff(s) copied, modified, and displayed Plaintiff(s)' photograph(s) on the Websites and engaged in this misconduct

1

knowingly and in violation of the United States copyright laws.

3. Plaintiff(s) have been substantially harmed as a result of Defendant(s)' misconduct.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331. The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. §1367(a) in that the state claims are so related to the claims over which the court has original jurisdiction that they form part of the same case or controversy. This Court also has jurisdiction over all photographs, whether registered or unregistered. (*See e.g. Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 [9th Cir. 2007]; *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 [8th Cir. 1994]; *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 [11th Cic. 1984]).

5. This Court has personal jurisdiction over TOUCH FM: RADIO TRUTH INCORPORATED because TOUCH FM: RADIO TRUTH INCORPORATED maintains its principal place of business in Suffolk County, Massachusetts and purposely directs substantial activities at the residents of Massachusetts by means of the website described herein. This Court also has personal jurisdiction over the Defendant(s) under the applicable long-arm jurisdictional statutes of Massachusetts.

6. Venue is proper under 28 U.S.C. §1391(a)(2) because TOUCH FM: RADIO TRUTH INCORPORATED does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

7. BWP is a California Corporation and maintains its principal place of business in Los Angeles County, California.

8. On information and belief, Defendant TOUCH FM: RADIO TRUTH INCORPORATED, is a Massachusetts Corporation with a principal place of business in SUFFOLK County, Massachusetts and is liable and responsible to Plaintiff based on the facts

herein alleged.

**FACTUAL ALLEGATIONS**

9.      Plaintiff(s) owns the rights to a multitude of photographs which it licenses to online and print publications and have invested significant time and money in building their photograph portfolios.

10.     Plaintiff(s) have obtained several active and valid copyright registrations with the United States Copyright Office (the "USCO"), which registrations cover many of their photographs and many others are the subject of pending copyright applications.

11.     Plaintiff(s)' photographs are original, creative works in which Plaintiffs own protectable copyright interests.

12.     Defendant(s) are the registered owner of the Websites and are responsible for their content.

13.     The Websites provide, *inter alia*, articles, photographs and other information regarding celebrities.

14.     The Websites are monetized in that they contain paid advertisements and/or sell merchandise to the public and, on information and belief, Defendant(s) profit from these activities.

15.     Without permission or authorization from Plaintiff(s), Defendant(s) copied, modified, and/or displayed Plaintiff(s) rights protected photographs (hereinafter collectively referred to as "*Photograph(s)*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Websites.

16.     As is set forth more fully in Exhibit "1", each listed infringement contains the URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and constitutes a specific item of infringement. (*See 17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 [9th Cir. 2007]).

17.     On information and belief, the Photograph(s) were copied without license or

3

permission, thereby infringing on the Copyrights (hereinafter collectively referred to as the "*Infringement(s)*").

18. On information and belief, Defendant(s) were aware of facts or circumstances from which the determination regarding the Infringement(s) was apparent. Based on this totality of circumstances, Defendant(s) cannot claim that they are not aware of the widespread infringing activities, including the Infringement(s), on the Website(s) since such a claim would amount to only willful blindness to the Infringement(s) on the part of Defendant(s).

19. On information and belief, Defendant(s) engaged in the Infringement(s) knowingly and in violation of applicable United States Copyright Laws.

20. On information and belief, Defendant(s) have received a financial benefit directly attributable to the Infringement(s). Specifically, by way of the Infringement(s), the Websites had increased traffic to the and, in turn, realized an increase their advertising revenues and/or merchandise sales.

21. As a result of Defendant(s)' misconduct, Plaintiff(s) have been substantially harmed.

**FIRST COUNT**
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

22. Plaintiff(s) repeat and incorporate by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

23. The Photograph(s) are original, creative works in which Plaintiff(s) own protectable copyright interests.

24. Plaintiff(s) have not licensed Defendant(s) the right to use the Photograph(s) in any manner, nor have Plaintiff(s) assigned any of its exclusive rights in the Copyrights to Defendant(s).

25. Without permission or authorization from Plaintiff(s) and in willful violation of their rights under 17 U.S.C. §106, Defendant(s) improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff.

26. Defendant(s)' reproduction of the Photograph(s) and display of the Photograph(s)

on the Website(s) constitutes willful copyright infringement.

27. On information and belief, thousands of people have viewed the unlawful copies of the Photograph(s) on the Website(s).

28. On information and belief, Defendant(s) had knowledge of the copyright infringement alleged herein and had the ability to stop the reproduction and display of Plaintiff(s)' copyrighted material.

29. Defendant(s) copyright infringement has damaged Plaintiff(s) in an amount to be proven at trial.

## SECOND COUNT
*(Contributory Copyright Infringement)*

30. Plaintiff(s) incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

31. In the event that the Photograph(s) were hyperlinked into the Website(s), Defendant(s) are liable as contributory infringers since they had actual knowledge of another's infringing conduct and induced, caused and/or materially contributed to that conduct. (*See e.g., Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d. 1146, 1171 [9th Cir. 2007]; *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 [2005]; *A&M Records, Inc. v. Napster, Inc.* 239 F.3d 1004, 1019 [9th Cir. 2001]; *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417 [1984]).

32. As a result of Defendant(s)' misconduct, Plaintiff(s) have been substantially harmed in an amount to be proven at trial.

## THIRD COUNT
*(Vicarious Copyright Infringement)*

33. Plaintiff(s) incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

34. Defendant(s) enjoyed a directed financial benefit from the infringing activity of its users and declined to exercise the right and ability to supervise or control that infringing activity, despite their legal right to stop or limit the directly infringing conduct as well as the practical ability to do so.

35. Accordingly, Defendant(s) are liable as vicarious infringers since they profited

from direct infringement while declining to exercise a right to stop or limit it. (*See e.g., Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d. 1146, 1171 [9th Cir. 2007]; *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 [2005]).

36. As a result of Defendant(s)' misconduct, Plaintiff(s) have been substantially harmed in an amount to be proven at trial.

## FOURTH COUNT
### *(Injunction Pursuant to 17 U.S.C. §502)*

37. Plaintiff(s) incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

38. Plaintiff(s) request a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendants from displaying Plaintiff(s) Photographs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff(s) respectfully requests judgment as follows:

1. That the Court enter a judgment finding that Defendants have infringed directly, contributorily and/or vicariously on Plaintiff(s)' rights to the Photograph(s) in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

   a. Statutory damages against Defendant(s) pursuant to 17 U.S.C. §504(c) of $150,000 per infringement or in the alternative Plaintiff(s)' actual damages and the disgorgement of Defendant(s)' wrongful profits in an amount to be proven at trial; and

   b. A permanent injunction against Defendant(s) pursuant to 17 U.S.C. §502; and

   c. Plaintiff(s)' attorneys' fees pursuant to 17 U.S.C. §505; and

   d. Plaintiff(s)' costs; and

2. Such other relief that the Court determines is just and proper.

DATED: September 5, 2013

**SANDERS LAW, PLLC**

 /s/ Douglas H. Sanders
Douglas H. Sanders, Esq. (625140)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.:102037

### REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial of this action by jury.

DATED: September 5, 2013

**SANDERS LAW, PLLC**

 /s/ Douglas H. Sanders
Douglas H. Sanders, Esq. (625140)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.:102037