UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| BWP MEDIA USA INC. d/b/a <br> PACIFIC COAST NEWS <br><br> Plaintiff, <br><br><br> TOUCH FM:  RADIO TRUTH <br> INCORPORATED <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )    Case No.: 1:13-CV-12202-DJC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# JOINT STATEMENT AND PROPOSED SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1(D)

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D), the parties submit the following joint statement in connection with the Scheduling Conference to be held on:

1. <u>Matters to be discussed at Conference.</u>  The parties will appear prepared to discuss the following issues:

    a. A proposed pre-trial schedule for the case that includes the plan for discovery and deadlines;

    b. Anticipated dispositive and pre-trial motions;

    c. Alternative Dispute Resolution; and

    d. Settlement.

2. <u>Joint Statement.</u>

    *Claims of Plaintiff:*

    This is a copyright infringement suit brought pursuant to 17 U.S.C. §501 *et seq.* Plaintiff provides entertainment-related photojournalism goods and services and owns the rights to a

multitude of photographs featuring celebrities which it licenses to online and print publications. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests. Plaintiff alleges that Defendant infringed on its copyright of a photograph posted on the Defendant's website, by Defendant's program and music director, and thus Defendant is directly liable for the infringement.

Defendant is the owner of a popular radio and celebrity gossip website, www.touchfm.org that profits by, among other ways, displaying celebrity photographs, including Plaintiff's copyrighted photograph. Without permission or authorization from Plaintiff, Defendant utilized the "draw" of Plaintiff's photograph to populate the website in order to increase advertising revenue and popularity to its radio station. Defendant's use of Plaintiff's copyrighted photograph is precisely the type of commercial use licensed by Plaintiff to similar online and print publications.

*Claims and Defenses of the Defendant:*

The Defendant denies that has infringed on any copyright interest enjoyed by the Plaintiff in the subject photograph. More specifically, even if the Plaintiff could to demonstrate that the photograph was posted on the Defendant's website, there can be no liability for direct copyright infringement where the Defendant was not the source of the alleged posting. In addition, the Defendant cannot be held liable for contributory infringement where it had no knowledge of the infringing activity and did not induce, cause, or materially contribute to a third-party's alleged infringement. Further, the Defendant cannot be held liable for vicarious infringement where the Defendant had no right to supervise the alleged infringing activity of a third-party and had no direct financial interest in the alleged infringing activity. As a further defense, the Plaintiff's copyright claims are barred by the fair use doctrine under 17 USC § 107.

3.     <u>Procedural Motions and other Pending Matters.</u>  There are no pending motions currently before the court.

4.     <u>Schedule for Discovery.</u>  The parties have agreed on the following discovery schedule:

  (a)    All motions for joinder of additional parties or amendments of pleadings shall be filed no later than **September 30, 2014.**

  (b)    The parties shall make all disclosures required by Fed. R. Civ. P. 26(a)(1), no later than **May 30, 2014.**

  (c)    Plaintiff shall disclose all expert witnesses and shall provide reports required by Fed. R. Civ. P. 26(a)(2) no later than **November 28, 2014**, and shall make expert witnesses available for depositions and have depositions completed no later than **December 15, 2014**.

  (d)    Defendant shall disclose all expert witnesses and shall provide reports required by Fed. R. Civ. P. 26(a)(2) no later than **January 15, 2015**, and shall make expert witnesses available for depositions and have depositions completed no later than **February 16, 2015.**

  (e)    All discovery shall be completed by **March 16, 2015.**

  (f)    The deadline for the filing of any dispositive motions shall be **April 17, 2015.**

  (g)    The deadline for filing all other motions including *Motions in Limine* shall be **June 19, 2015**.

  (h)    The final pretrial conference shall be on or about July **10, 2015.**

  (i)    The earliest date by which this case should reasonably be expected to be ready for trial is **August 20, 2015**.

  (j)    This trial is expected to take approximately two to three days.

5.     <u>Discovery Limits.</u>  The parties agree there is no need for special provisions regarding electronic discovery at this time.  The parties do not have any agreements regarding asserting claims of privilege or of protection as trial-preparation material after production. The parties agree that there is no need to conduct discovery in phases.  The parties agree to a limit of five (5)

depositions per party and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a) shall apply.

6. <u>Settlement.</u>  The parties have agreed that settlement may be possible. The Parties may request a settlement conference before a Magistrate Judge after discovery.

7. <u>Trial by Magistrate Judge.</u>  At this time, the parties do not consent to trial by a Magistrate Judge.

8. <u>Budget and Alternative Dispute Resolution.</u>  Counsel for the parties have conferred with their respective clients concerning establishing a budget for litigation and the use of Alternative Dispute Resolution.  The parties will explore the possibility of mediation in an attempt to resolve this matter.  The parties will file their certifications required pursuant to Local Rule 16.1(d)(3).

9. <u>Modification of Schedule.</u>  All dates set forth herein may be modified by written agreement of the parties and approval of the Court, or upon motion of the Court for good cause shown.

Respectfully submitted,

| | |
|---|---|
| TOUCH FM: RADIO TRUTH, INC.<br>By their attorneys, | BWP Media USA Inc.<br>d/b/a Pacific Coast News<br>By their attorneys, |
| /s/ Garrett J. Lee | /s/ Douglas H. Sanders (GJL) |
| Denzil D. McKenzie, BBO No. 336420<br>Garrett J. Lee, BBO 641876<br>McKenzie & Associates, P.C.<br>183 State Street, Suite 6<br>Boston, MA  02109<br>Tel. 617.723.0400<br>Fax. 617.723.7234<br>dmckenzie@mckenzielawpc.com<br>glee@mckenzielawpc.com | Douglas H. Sanders, BBO No. 625140<br>Sanders Law, PLLC<br>100 Garden City Plaza, Suite 500<br>Garden City, New York 11530<br>Tel. 516.203.7600<br>Fax. 516.281.7601<br>csanders@sanderslawpllc.com |
| Dated:  April 28, 2014 | Dated:  April 28, 2014 |

## **CERTIFICATE OF SERVICE**

      I, Garrett J. Lee, Esq., do hereby certify that on April 28, 2014, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

      /s/ Garrett J. Lee